The Honorable Sue Madison State Senator 573 Rock Cliff Road Fayetteville, Arkansas 72701
Dear Senator Madison:
I am writing in response to your request for an opinion on the following question:
 Under current Arkansas state law, is it unconstitutional for a state university to provide any type of benefits to a domestic partner of a university employee and do the same laws apply to private the [sic] universities in Arkansas?
RESPONSE
Nothing in the Arkansas Constitution addresses this issue specifically. There is an Arkansas statute that touches on the matter. See A.C.A. §9-11-208 (prohibiting marriages between persons of the same sex). It merely states that "nothing in this section shall prevent an employer from extending benefits to persons who are domestic partners of employees." A.C.A. § 9-11-208(d). It is impossible to answer your question, however, when posed in such a general fashion. Your question is not entirely clear on whether you seek information only on any stateconstitutional prohibition, or whether you also inquire as to any existing Arkansas statutory prohibitions. Any conclusive determination of the lawfulness of the provision of such benefits would have to be analyzed in light of the particular policy or practice of the institution, and any relevant law surrounding the provision of that particular benefit by that institution.
As noted above, the most relevant statute is A.C.A. § 9-11-208. A 1997 amendment to this statute added the following subsections:
 (b) It shall be the declared public policy of the State of Arkansas to recognize the marital union only of man and woman. No license shall be issued to persons to marry another person of the same sex and no same-sex marriage shall be recognized as entitled to the benefits of marriage.
 (c) Marriages between persons of the same sex are prohibited in this state. Any marriage entered into by persons of the same sex, where a marriage license is issued by another state or by a foreign jurisdiction, shall be void in Arkansas and any contractual or other rights granted by virtue of that license, including its termination, shall be unenforceable in the Arkansas courts.
 (d) However, nothing in this section shall prevent an employer from extending benefits to persons who are domestic partners of employees.
(Emphasis added).
This is the only specific mention in state law regarding the provision of benefits to "domestic partners." As set out above, nothing in the A.C.A. § 9-11-208 prohibits the extension of benefits to domestic partners. Otherwise, Arkansas law does not speak directly to the issue you raise.[1]
A number of lawsuits have been brought around the country challenging mostly local ordinances adopted to extend certain benefits to domestic partners. In many of these cases, the plaintiffs challenge the authority
(on a "home rule" or other basis), of the particular municipality or county to adopt such a policy. See e.g., Tyma v. Montgomery County,369 Md. 497, 801 A.2d 148 (2002); Lowe v. Broward County, 766 So.2d 1199
(Fla. 2000); and Crawford v. City of Chicago, 304 Ill. App.3d 818,710 N.E.2d 91 (1999). At least one such case, however, was brought by an unmarried heterosexual woman, challenging, on equal protection and due process grounds, a domestic partner policy that only extended benefits tosame-sex domestic partners. Irizarry v. Chicago Board of Education,251 F.3d 604 (7th Cir. 2001). See also generally, 74 A.L.R.5th 439 ("Validity of Governmental Domestic Partnership Enactment").
The issues in these cases do not typically involve any express state constitutional prohibition, but focus rather on the legal authority of the entity or institution to extend the benefits. With regard to your question, in my opinion the legality of the provision of such benefits by universities to domestic partners will depend both upon any state law authority under which such benefits are provided, and upon the particular method of implementation of such a policy and whether it transgresses any constitutional guarantees. These are issues that can only be analyzed in light of the facts surrounding a particular institution and a particular benefit policy.
For example, Arkansas state law creates a State and Public School Life and Health Insurance Board. See A.C.A. § 21-5-402. This board makes policy concerning the provision of health and life insurance to certain state and public school district employees. A.C.A. § 21-5-403. Employees of institutions of higher education are eligible to participate if their institution is an "eligible participating . . . institution." A.C.A. §21-5-410(a)(1). A number of state universities participate in this program while a more substantial number have opted out. The relevant law regarding these benefits defines a "dependent" as "any member of anemployee's or retiree's family who meets the eligibility for coverage under the health benefit plans approved by the State and Public School Life and Health Insurance Board." A.C.A. § 21-5-407(1). (Emphasis added). "Family" is not defined in the statute. This is the type of issue that must be analyzed in order to determine the lawfulness of extending such benefits to domestic partners. Compare Slattery v. City of NewYork, 179 Misc.2d 740, 686 N.Y.S.2d 683 (Sup.Ct. 1999), appeal transferred, 93 N.Y.2d 883, 689 N.Y.S.2d 426, 711 N.E.2d 640 (1999) withCity of Atlanta v. McKinney, 265 Ga. 161, 454 S.E.2d 517 (1995).
You have not indicated any particular state university or any particular type of benefit in your question. I cannot provide a general answer to your question that will be invariably correct as to every state university and every type of benefit offered.
With regard to private universities, the extension of similar benefits to domestic partners would undoubtedly be subject to less direct state regulation and depending upon the facts, would likely not involve the requisite "state action" necessary to trigger constitutional guarantees. Again, however, I cannot begin to analyze the constitutionality or legality of such provision of benefits in the abstract.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] You have not mentioned in your question whether you are inquiring about the extension of benefits to same-sex domestic partners or unmarried heterosexual domestic partners. Again, I cannot analyze the issue in the abstract.